UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-23544-ELFENBEIN

ALYSSA DOWLING,

  Plaintiff,

v.

ERIC KOMITEE,

  Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On May 19, 2026, Plaintiff, Alyssa Dowling ("Plaintiff"), filed a Complaint against Defendant, Eric Komitee ("Defendant"). *See* ECF No. [1]. That same day, she also filed a Motion for Leave to Proceed in forma pauperis ("IFP Motion"). *See* ECF No. [3]. Because Plaintiff seeks leave to proceed IFP, the Court is required to screen the Complaint under 28 U.S.C. § 1915. Upon review of the Complaint, Plaintiff's IFP Motion, the record, and public docket filings in identical cases filed by Plaintiff against the same Defendant in federal district courts nationwide, the undersigned respectfully **RECOMMENDS** that Plaintiff's IFP Motion, **ECF No. [3]**, be **DENIED**, and that the Complaint, **ECF No. [1]**, be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to Administrative Order 2025-11, which governs cases involving non-prisoner *pro se* litigants, this matter was initially assigned to the undersigned United States Magistrate Judge as the presiding judicial officer for all purposes, including the entry of dispositive orders, the conduct of any trial proceedings, and the entry of final judgment. Because Defendant has not yet entered an appearance and the Parties have not unanimously consented to magistrate judge jurisdiction, the undersigned addresses this matter by Report and Recommendation and will request reassignment to a United States District Judge for final disposition.

CASE NO. 26-CV-23544-ELFENBEIN

## I.      BACKGROUND

Plaintiff initiated this action by filing a one-page *pro se* Complaint against Defendant.  *See* ECF No. [1].  The Complaint does not identify any specific cause of action, jurisdictional basis, legal theory, factual event, date, location, injury, protected characteristic, relationship between the parties, or act taken by Defendant.  *See id.*  Instead, the Complaint states only: "Claim: Defendant displayed discrimination" and "Fact: ERIC KOMITEE failed to show due respect."  *Id.* at 1.  Plaintiff requests "relief that is just and proper" and "a chance to amend the Complaint before the dismissal."  *Id.*

Plaintiff also filed her IFP Motion.  *See* ECF No. [3].  In the Motion, Plaintiff states she is unemployed, receives no income from any source, has $90.00 in cash or in a checking or savings account, has no dependents, owns no automobile, real estate, stock, bond, security, trust, jewelry, artwork or other financial instrument, and has monthly expenses of approximately $800 to $900.  *Id.*

Following the filing of the Complaint and IFP Motion, the Court has since become aware that Plaintiff filed identical actions against the same Defendant in multiple federal district courts across the country, all of which were filed within two days of each other.  *See e.g., Dowling v. Komitee*, No. 1:26-CV-00314 (D.R.I. May 18, 2026); *Dowling v. Komitee*, No. 2:26-CV-218 (E.D. Wash. May 18, 2026); *Dowling v. Komitee*, No. 1:26-CV-391 (D.N.H. May 18, 2026); *Dowling v. Komitee*, No. 1:26-CV-191 (E.D. Tex. May 18, 2026); *Dowling v. Komitee*, No. 1:26-CV-00233 (N.D. Ind. May 19, 2026); *Dowling v. Komitee*, No. 4:26-CV-00292 (N.D. Okla. May 19, 2026); *Dowling v. Komitee*, No. 1:26-CV-00459 (M.D.N.C. May 19, 2026); *Dowling v. Komitee*, No. 1:26-CV-00118 (N.D. Fla. May 19, 2026); *Dowling v. Komitee*, No. 3:26-CV-00669 (M.D. Tenn. May 19, 2026); *Dowling v. Komitee*, No. 5:26-CV-00196 (M.D. Ga. May 19, 2026); *Dowling v.*

2

*Komitee*, No. 8:26-CV-00232 (D. Neb. May 19, 2026); *Dowling v. Komitee*, No. 1:26-CV-01202 (C.D. Ill. May 20, 2026); and *Dowling v. Komitee*, No. 2:26-CV-00116 (E.D. Tenn. May 20, 2026). Indeed, one federal court has already dismissed Plaintiff's identical Complaint against the same Defendant without leave to amend. *See Dowling v. Komitee*, No. 1:26-CV-00233-HAB-ALT, ECF No. [3] (N.D. Ind. May 19, 2026). In doing so, that court found the Complaint threadbare and malicious under 28 U.S.C. § 1915(e)(2)(B)(i), explaining that Plaintiff had filed the same Complaint against the same Defendant in at least nine other district courts and that such mass filing of a threadbare claim appeared intended to harass the Defendant. *See id.* at 4–5.

## II.     LEGAL STANDARD

A plaintiff ordinarily must pay the statutory filing fee to commence a civil action in federal court. *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, however, a court may authorize a plaintiff to proceed without prepaying fees if the plaintiff submits an affidavit demonstrating an inability to pay. *See* 28 U.S.C. § 1915(a)(1). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

But the privilege of proceeding *in forma pauperis* is not absolute. *See Camp v. Oliver,* 798 F.2d 434, 437 (11th Cir. 1986). Congress has directed that, notwithstanding any filing fee or any portion of a filing fee that may have been paid, "the court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The statute "accords judges not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations" where appropriate. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is "frivolous" when it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The Eleventh Circuit has recognized that duplicative, repetitive, abusive, or intentionally misleading filings may be dismissed as "malicious" under § 1915. *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[D]uplicative actions are properly dismissed as frivolous or malicious."). A sanction less than dismissal may be insufficient where abusive filing conduct would otherwise be treated as an "infraction without consequence." *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018).

A complaint also must satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and the complaint must provide enough factual content to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although *pro se* pleadings are liberally construed, they still must contain factual allegations sufficient to state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.   DISCUSSION

### A. Plaintiff's Complaint fails to state any plausible claim for relief.

First, the Complaint is legally and factually deficient. Plaintiff alleges only that Defendant "displayed discrimination" and "failed to show due respect." ECF No. [1]. These allegations are conclusory labels, not facts. Plaintiff does not allege what Defendant did, when Defendant did it,

4

where the conduct occurred, what legal right was violated, what protected status was implicated, what injury Plaintiff suffered, why this Court has jurisdiction, why venue is proper here, or what relief would remedy the alleged conduct.  This is insufficient under Rule 8 and § 1915(e)(2)(B).  A complaint cannot proceed on "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Nor is it enough to state a legal conclusion such as "discrimination" without any factual content supporting that conclusion.  *See Twombly*, 550 U.S. at 555.  Even liberally construing Plaintiff's *pro se* Complaint, the undersigned cannot discern any plausible cause of action from the pleading.  The Complaint therefore fails to state a claim because it lacks any arguable basis in law or fact.  *See Bilal*, 251 F.3d at 1349.

### B. Plaintiff's nationwide mass filing of the same threadbare Complaint against the same Defendant is malicious.

Regardless of whether the Complaint does or could state a claim for relief, if amended, what is more troubling is that Plaintiff has filed identical actions against the same Defendant in federal district courts nationwide.  By the undersigned's count, at least thirteen such actions have been identified, many of which were filed between May 18 and May 20, 2026.  This is not to suggest that the undersigned has run a Pacer search in all 94 Districts and located 13 lawsuits.  This tally is simply based on a limited survey of various Districts in which Plaintiff's identical Complaints were located.  Having found the same pattern of filings, the Northern District of Indiana has already addressed Plaintiff's mass nationwide filing and dismissed Plaintiff's identical Complaint against the same Defendant without leave to amend, reasoning that the action is malicious under § 1915(e)(2)(B).  *See Dowling v. Komitee*, No. 1:26-CV-00233-HAB-ALT, ECF No. [3] (N.D. Ind. May 19, 2026).  The undersigned reaches the same conclusion.

Plaintiff's simultaneous or near-simultaneous filing of the same one-page Complaint against the same Defendant in numerous federal districts is not a good-faith attempt to litigate a

5

cognizable claim; rather, it is an abusive use of the judicial process. *See Daker*, 999 F.3d at 1308 ("[D]uplicative actions are properly dismissed as frivolous or malicious."); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks omitted, first alteration in original)); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (concluding "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit" filed by the same plaintiff); *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (confirming rule under former § 1915(d) that a district court may dismiss duplicative complaints as malicious); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (same); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint "that merely repeats pending or previously litigated claims" is abusive and "[a] complaint plainly abusive of the judicial process is properly typed malicious"); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming the dismissal of a complaint as frivolous where the plaintiff proceeding IFP already had filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein").

The Complaint in this case contains no meaningful factual allegations and no apparent connection to this District. The mass filing of the same facially deficient pleading imposes needless burdens on federal courts, requires judicial screening in multiple jurisdictions, and appears designed to harass Defendant, the Courts, or both. Section 1915(e)(2)(B)(i) exists to prevent precisely this kind of abusive litigation. The statute requires dismissal where an IFP action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Eleventh Circuit has approved dismissal of duplicative and abusive filings as malicious because such filings misuse the judicial process. *See Daker*, 999 F.3d at 1308–09. Plaintiff's conduct here is even more plainly abusive:

6

rather than merely filing overlapping actions in one court, Plaintiff appears to have mailed the same skeletal Complaint to federal district courts across the country against the same Defendant, asserting the same two conclusory allegations.  Accordingly, the undersigned finds that this action is malicious within the meaning of § 1915(e)(2)(B)(i).

### C. Leave to amend should be denied as futile and unwarranted.

Although *pro se* plaintiffs are ordinarily afforded an opportunity to amend defective pleadings, leave to amend is not required where "amendment would be futile" or otherwise unwarranted.  *See Wooden v. Armenteros,* 756 F. App'x 951, 953 (11th Cir. 2018); *see also Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016) (finding that while courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.").  Here, leave to amend should be denied for two reasons.

First, the Complaint is not merely inartfully pleaded; it is part of a nationwide pattern of malicious, abusive filing conduct.  The defect therefore is not simply the absence of factual detail that might be cured by amendment.  The defect is Plaintiff's misuse of the judicial process by filing the same threadbare action against the same Defendant in multiple federal courts.  Second, another federal court has already screened the same Complaint against the same Defendant and dismissed it without leave to amend.  Plaintiff cannot use duplicative nationwide filings to obtain multiple opportunities to relitigate the same frivolous and malicious pleading.  Because the action is frivolous, malicious, and abusive, amendment is unwarranted.  The undersigned therefore recommends dismissal without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1.  Plaintiff's IFP Motion, **ECF No. [3]**, be **DENIED**; and

2.  Plaintiff's Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT LEAVE TO AMEND**.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 28, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Alyssa Dowling**
631 Waterman St
Wichita, KS 67208
*PRO SE*